UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| DANIEL W. BELCHER, M.D., and | ) | |
| JENNIFER L. KAPPES, individually | ) | |
| and on behalf of their minor child, L.B., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | Case No. 1:22-cv-01791-JPH-MG |
| v. | ) | |
| | ) | |
| DAVID FARRELL, MARION COUNTY | ) | |
| SHERIFF'S DEPARTMENT, RONDA SWARTZ, | ) | |
| IMMACULATE HEART OF MARY SCHOOL, | ) | |
| OFFICE OF CATHOLIC SCHOOLS, and | ) | |
| THE ARCHDIOCESE OF INDIANAPOLIS, | ) | |
| | ) | |
| Defendants. | ) | |

## ANSWER AND AFFIRMATIVE DEFENSES

The Defendants, Ronda Swartz ("Swartz"), Immaculate Heart of Mary School ("IHM"), Office of Catholic Schools ("OCS"), and The Archdiocese of Indianapolis ("Archdiocese") (together, the "Defendants"), by counsel, files this Answer and Affirmative Defenses to the Plaintiffs' Complaint for Damages and Jury Trial Demand ("Complaint") as follows:

### Parties and Venue

1.      Defendants are without sufficient knowledge or information to admit or deny the averments of Paragraph 1 of Plaintiffs' Complaint and therefore denies the same.

2.      Defendants are without sufficient knowledge or information to admit or deny the averments of Paragraph 2 of Plaintiffs' Complaint and therefore denies the same.

3.      Defendants admit the averments of Paragraph 3.

4.      Defendants admit the averments of Paragraph 4.

5.      Defendants admit the averments of Paragraph 5.

1

6.      Defendants admit the averments of Paragraph 6, by way of further information, OCS is a department within the Archdiocese and not a separate entity.

7.      Defendants admit the averments of Paragraph 7.

8.      Defendants admit the averments of Paragraph 8.

9.      Defendants admit the averments of Paragraph 9.

10.     Defendants admit the averments of Paragraph 10.

11.     Defendants are without sufficient knowledge or information to admit or deny the averments of Paragraph 11 of Plaintiffs' Complaint and therefore denies the same.

12.     Defendants admit the averments of Paragraph 12.

13.     Defendants are without sufficient knowledge or information to admit or deny the averments of Paragraph 13 of Plaintiffs' Complaint and therefore denies the same.

14.     Defendants are without sufficient knowledge or information to admit or deny the averments of Paragraph 14 of Plaintiffs' Complaint and therefore denies the same.

15.     Defendants are without sufficient knowledge or information to admit or deny the averments of Paragraph 15 of Plaintiffs' Complaint and therefore denies the same.

16.     Defendants are without sufficient knowledge or information to admit or deny the averments of Paragraph 16 of Plaintiffs' Complaint and therefore denies the same.

17.     Defendants are without sufficient knowledge or information to admit or deny the averments of Paragraph 17 of Plaintiffs' Complaint and therefore denies the same.

18.     Defendants are without sufficient knowledge or information to admit or deny the averments of Paragraph 18 of Plaintiffs' Complaint and therefore denies the same.

19.     Defendants are without sufficient knowledge or information to admit or deny the averments of Paragraph 19 of Plaintiffs' Complaint and therefore denies the same.

20.     Defendants are without sufficient knowledge or information to admit or deny the averments of Paragraph 20 of Plaintiffs' Complaint and therefore denies the same.

21.     Defendants are without sufficient knowledge or information to admit or deny the averments of Paragraph 21 of Plaintiffs' Complaint and therefore denies the same.

22.     Defendants are without sufficient knowledge or information to admit or deny the averments of Paragraph 22 of Plaintiffs' Complaint and therefore denies the same.

23.     Defendants are without sufficient knowledge or information to admit or deny the averments of Paragraph 23 of Plaintiffs' Complaint and therefore denies the same.

24.     Defendants are without sufficient knowledge or information to admit or deny the averments of Paragraph 24 of Plaintiffs' Complaint and therefore denies the same.

25.     Defendants are without sufficient knowledge or information to admit or deny the averments of Paragraph 25 of Plaintiffs' Complaint and therefore denies the same.

26.     Defendants are without sufficient knowledge or information to admit or deny the averments of Paragraph 26 of Plaintiffs' Complaint and therefore denies the same.

27.     Defendants are without sufficient knowledge or information to admit or deny the averments of Paragraph 27 of Plaintiffs' Complaint and therefore denies the same.

28.     Defendants are without sufficient knowledge or information to admit or deny the averments of Paragraph 28 of Plaintiffs' Complaint and therefore denies the same.

29.     Defendants deny the averments contained in Paragraph 29.

30.     Defendants are without sufficient knowledge or information to admit or deny the averments of Paragraph 30 of Plaintiffs' Complaint and therefore denies the same.

31.     Defendants admit the averments of Paragraph 31.  By way of further information, Swartz is currently employed as the Executive Director of Mother Theodore Catholic Academies.

3

32.     Defendants are without sufficient knowledge or information to admit or deny the averments of Paragraph 32 of Plaintiffs' Complaint and therefore denies the same.

## Count I

### (Malicious Prosecution of L.B. by all Defendants)

33.     The Defendants incorporate by reference all prior responses to the factual allegations contained in Paragraphs 1-32 of the Complaint.

34.     Defendants deny the averments contained in Paragraph 34.

35.     Defendants deny the averments contained in Paragraph 35.

36.     Defendants are without sufficient knowledge or information to admit or deny the averments of Paragraph 36 of Plaintiffs' Complaint and therefore denies the same.

37.     Defendants deny the averments contained in Paragraph 37.

## Count II

### (False Arrest of L.B. by Defendants

### SRO Farrell and Marion County Sheriff's Department)

38.     The Defendants incorporate by reference all prior responses to the factual allegations contained in Paragraphs 1-37 of the Complaint.

39.     Defendants are without sufficient knowledge or information to admit or deny the averments of Paragraph 38 of Plaintiffs' Complaint and therefore denies the same.

40.     Defendants are without sufficient knowledge or information to admit or deny the averments of Paragraph 39 of Plaintiffs' Complaint and therefore denies the same.

41.     Defendants are without sufficient knowledge or information to admit or deny the averments of Paragraph 40 of Plaintiffs' Complaint and therefore denies the same.

42.     Defendants deny the averments contained in Paragraph 42.

**Count III**

**(Battery of L.B. by Defendants SRO Farrell and the Marion County Sheriff's Department)**

43.     Defendants are without sufficient knowledge or information to admit or deny the averments of Paragraph 43 of Plaintiffs' Complaint and therefore denies the same.

44.     Defendants are without sufficient knowledge or information to admit or deny the averments of Paragraph 44 of Plaintiffs' Complaint and therefore denies the same.

45.     Defendants are without sufficient knowledge or information to admit or deny the averments of Paragraph 45 of Plaintiffs' Complaint and therefore denies the same.

**Count IV**

**(Intentional Infliction of Emotional Distress against all Defendants by all Plaintiffs)**

46.     The Defendants incorporate by reference all prior responses to the factual allegations contained in Paragraphs 1-45 of the Complaint.

47.     Defendants are without sufficient knowledge or information to admit or deny the averments of Paragraph 47 of Plaintiffs' Complaint and therefore denies the same.

48.     Defendants are without sufficient knowledge or information to admit or deny the averments of Paragraph 48 of Plaintiffs' Complaint and therefore denies the same.

**Count V**

**(Negligent Infliction of Emotional Distress against all Defendants by L.B.)**

49.     The Defendants incorporate by reference all prior responses to the factual allegations contained in Paragraphs 1-48 of the Complaint.

50.     Defendants are without sufficient knowledge or information to admit or deny the averments of Paragraph 50 of Plaintiffs' Complaint and therefore denies the same.

51.     Defendants are without sufficient knowledge or information to admit or deny the averments of Paragraph 51 of Plaintiffs' Complaint and therefore denies the same.

52.     Defendants are without sufficient knowledge or information to admit or deny the averments of Paragraph 52 of Plaintiffs' Complaint and therefore denies the same.

53.     Defendants are without sufficient knowledge or information to admit or deny the averments of Paragraph 53 of Plaintiffs' Complaint and therefore denies the same.

## Count VI

### Invasion of Privacy by Intrusion against Defendants SRO Farrell

### and the Marion County Sheriff's Department by all Plaintiffs)

54.     Defendants incorporate by reference all prior responses to the factual allegations contained in Paragraphs 1-53 of the Complaint.

55.     Defendants are without sufficient knowledge or information to admit or deny the averments of Paragraph 55 of Plaintiffs' Complaint and therefore denies the same.

56.     Defendants deny the averments on Paragraph 56 of Plaintiffs' Complaint.

57.     Defendants are without sufficient knowledge or information to admit or deny the averments of Paragraph 57 of Plaintiffs' Complaint and therefore denies the same.

58.     Defendants are without sufficient knowledge or information to admit or deny the averments of Paragraph 58 of Plaintiffs' Complaint and therefore denies the same.

## Count VI

### (Violation of 42 U.S.C. § 1983 against Defendants SRO Farrell, Swartz, and IHM by L.B.)

59.     Defendants incorporate by reference all prior responses to the factual allegations contained in Paragraphs 1-58 of the Complaint.

60.     Defendants deny the averments contained in Paragraph 60 of the Complaint.

61.    Defendants are without sufficient knowledge or information to admit or deny the averments of Paragraph 61 of Plaintiffs' Complaint and therefore denies the same.

62.    Defendants deny the averments contained in Paragraph 62 of the Complaint.

63.    Defendants deny the averments contained in Paragraph 63 of the Complaint.

64.    Defendants are without sufficient knowledge or information to admit or deny the averments of Paragraph 64 of Plaintiffs' Complaint and therefore denies the same.

65.    Defendants are without sufficient knowledge or information to admit or deny the averments of Paragraph 65 of Plaintiffs' Complaint and therefore denies the same.

66.    No factual allegation is contained in Paragraph 66.  To the extent a response is required, Defendants are without sufficient knowledge or information to admit or deny the averments of Paragraph 66 of Plaintiffs' Complaint and therefore denies the same.

WHEREFORE having fully answered Plaintiffs' Complaint for Damages and Jury Trial Demand, Defendants Ronda Swartz, Immaculate Heart of Mary School, Office of Catholic Schools, and The Archdiocese of Indianapolis request that this Court dismiss Plaintiffs' claims against them and for any other relief this Court deems just and proper.

## AFFIRMATIVE DEFENSES

The Defendants, Ronda Swartz ("Swartz"), Immaculate Heart of Mary School ("IHM"), Office of Catholic Schools ("OCS"), and The Archdiocese of Indianapolis ("Archdiocese") (together, the "Defendants"), assert the following affirmative defenses to the Plaintiffs' Complaint for Damages and Jury Trial Demand ("Complaint").

1.    Plaintiffs' Complaint fails to state a claim or cause of action upon which relief may be granted and, accordingly, such claims should be dismissed.

2.      Defendants, OCS and the Archdiocese did not hire, employ, certify, or control separate Defendant David Farrell.

3.      Plaintiffs' claims fail as a matter of law against OCS and the Archdiocese as no employer-employee or agency relationship existed between David Farrell and OCS and/or the Archdiocese.

4.      Defendants maintain that if Plaintiffs sustained any injuries or damages, which are specifically denied by Defendants, then said injuries or damages were caused or contributed to be caused by the negligence or fault of Plaintiffs or others not under the control of these Defendants and, if any fault is found it must be compared and allocated among all persons or parties who may be found to be causally negligent or at fault.

5.      Defendants are entitled to the apportionment and allocation of fault between and among all appropriate parties, individuals or entities as the evidence indicates may be at fault and/or liable to Plaintiffs, including apportionment and allocation of the plaintiff's fault, and that each party, individual and/or entity be apportioned and allocated their respective percentage of fault by the trier of fact.

6.      Some or all of any damages sustained by the Plaintiffs, if any, may be the proximate result of the careless and negligent acts and/or omissions and fault of one or more non-parties, which non-parties will be named via subsequent amendment hereto upon completion of discovery.

7.      If Plaintiffs sustained any damages, which Defendants specifically deny, the Plaintiffs failed to mitigate their damages.  Consequently, any damages which may be found to have been sustained should be barred or reduced to reflect Plaintiffs failure to mitigate her damages.

8.      If Plaintiffs sustained any damages, which the Defendants specifically deny, then any alleged damages were caused by subsequent intervening events or occurrences.

9.      Defendants reserve the right to amend this Answer to Plaintiffs' Complaint for Damages and Jury Trial Demand and to plead such affirmative defenses as are disclosed by further research, investigation, and discovery.

WHEREFORE having fully answered Plaintiffs' Complaint for Damages and Jury Trial Demand, Defendants Ronda Swartz, Immaculate Heart of Mary School, Office of Catholic Schools, and The Archdiocese of Indianapolis request that this Court dismiss Plaintiffs' claims against them and for any other relief this Court deems just and proper.

Respectfully submitted,

WOOTON HOY, LLC

/s/ John S. (Jay) Mercer
/s/ Paul J. Carroll
/s/ Lewis S. Wooton
/s/ John D. Cross
John S. (Jay) Mercer, Attorney No. 11260-49
Paul J. Carroll, Attorney No. 26296-49
Lewis S. Wooton, Attorney No. 26650-49
John D. Cross, Attorney No. 29878-49
WOOTON HOY, LLC
13 N. State St., Ste. 241
Greenfield, IN 46140

9

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing was served upon the following by this Court's electronic

filing system on October 11, 2022:

James A. Piatt
Ronald J. Waicukaski
WILLIAMS & PIATT, LLC
james@williamspiatt.com
ron@williamspiatt.com

Anthony W. Overholt
Elise C. L. Bowling
FROST BROWN TODD, LLC
aoverholt@fbtlaw.com
ebowling@fbtlaw.com

Andrew R. Duncan
M. Elizabeth Bemis
RUCKELSHAUS KAUTZMAN  BLACKWELL
        BEMIS DUNCAN & MERCHANT, LLP
ard@rkblegalgroup.com
meb@rkblegalgroup.com

/s/ Paul J. Carroll
Paul J. Carroll

John S. (Jay) Mercer, Attorney No. 11260-49
Paul J. Carroll, Attorney No. 26296-49
Lewis S. Wooton, Attorney No. 26650-49
John D. Cross, Attorney No. 29878-49
WOOTON HOY, LLC
13 N. State St., Ste. 241
Greenfield, IN 46140
jmercer@wootonhoylaw.com
jcross@wootonhoylaw.com
pcarroll@wootonhoylaw.com
lewis@wootonhoylaw.com