UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DANIEL W. BELCHER, M.D., and JENNIFER L. KAPPES, individually and on behalf of their minor child, L.B., | )<br>)<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) Case No. 1:22-cv-01791-JPH-MG<br>) |
| DAVID FARRELL, MARION COUNTY SHERIFF'S DEPARTMENT, RONDA SWARTZ, IMMACULATE HEART OF MARY SCHOOL, OFFICE OF CATHOLIC SCHOOLS, and THE ARCHDIOCESE OF INDIANAPOLIS, | )<br>)<br>)<br>)<br>)<br>)<br>) |
| Defendant. | )<br>) |

## MCSO'S ANSWER TO PLAINTIFF'S COMPLAINT FOR DAMAGES AND JURY TRIAL DEMAND

The Defendant, the Marion County Sheriff's Office ("MCSO")[1], by counsel, for its answer to Plaintiff's Complaint, states:

1. Plaintiffs Daniel W. Belcher, M.D., and Jennifer L. Kappes are husband and wife and the parents of L.B. (Collectively, "the Belchers"), and are residents of Marion County, Indiana.

**ANSWER**: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 1 of Plaintiffs' Complaint and therefore denies them.

2. Defendant David Farrell is a resident of Hamilton County, Indiana. He is a County Sheriffs Department deputy, and at all times relevant to this complaint was acting in the course and scope of his employment as a School Resource Officer at Immaculate Heart of Mary School.

---

[1] Plaintiffs named the Marion County Sheriff's "Department" as a Defendant. The proper name of this Defendant is the Marion County Sheriff's Office.

Pursuant to 42 U.S.C § 1983, Farrell was acting under the color of state law by virtue of his position with the Marion County Sheriff's Department, and because a portion of his salary at Immaculate Heart of Mary School was paid via a grant from the State of Indiana, or a political subdivision of the State.

> **ANSWER**: Defendant denies that David Farrell is an employee of the MCSO and further denies that David Farrell acted on behalf of MCSO. As to the remaining allegations in Paragraph 2 of Plaintiffs' Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 2 of Plaintiffs' Complaint and therefore denies them.

3. Defendant Marion County Sheriff's Department is located in Marion County, Indiana.

> **ANSWER**: Defendant admits the allegations in Paragraph 3.

4. Defendant Ronda Swartz is a resident of Marion County, Indiana. Pursuant to 42 U.S.C. § 1983, Swartz was a state actor by virtue of the close nexus between the State of Indiana and her challenged conduct in this case; and because of her participation in a conspiracy to violate L.B.'s civil rights.

> **ANSWER**: Paragraph 4 of Plaintiffs' Complaint contains no allegations concerning the Defendant; therefore, no response is required. To the extent Paragraph 4 contains allegations against Defendant, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the of the allegations in Paragraph 4 of Plaintiffs' Complaint and therefore denies them.

5. Defendant Immaculate Heart of Mary School ("IHM") is located in Marion County, Indiana. Pursuant to 42 U.S.C. § 1983, IHM was a state actor by virtue of the close nexus between its challenged conduct in this case and the State of Indiana; and because of its participation in a conspiracy to violate L.B.'s civil rights.

> **ANSWER**: Paragraph 5 of Plaintiffs' Complaint contains no allegations concerning Defendant; therefore, no response is required. To the extent Paragraph 5 contains allegations against Defendant, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the of the allegations in Paragraph 5 of Plaintiffs' Complaint and therefore denies them.

6. Defendant Office of Catholic Schools is located in Marion County, Indiana. Pursuant to 42 U.S.C. § 1983, the Office of Catholic Schools was a state actor by virtue of the close nexus between its challenged conduct in this case and the State of Indiana; and because of its participation in a conspiracy to violate L.B.'s civil rights.

**ANSWER**: Paragraph 6 of Plaintiffs' Complaint contains no allegations concerning Defendant; therefore no response is required. To the extent Paragraph 6 contains allegations against Defendant, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the of the allegations in Paragraph 6 of Plaintiffs' Complaint and therefore denies them.

7. Defendant The Archdiocese of Indianapolis is located in Marion County, Indiana. Pursuant to 42 U.S.C. § 1983, The Archdiocese of Indianapolis was a state actor by virtue of the close nexus between its challenged conduct in this case and the State of Indiana; and because of its participation in a conspiracy to violate L.B.'s civil rights.

**ANSWER**: Paragraph 7 of Plaintiffs' Complaint contains no allegations concerning Defendant; therefore no response is required. To the extent Paragraph 6 contains allegations against Defendant, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the of the allegations in Paragraph 7 of Plaintiffs' Complaint and therefore denies them.

8. Pursuant to Rule 75(A)(1) of the Indiana Rules of Trial Procedure, venue in Marion County is preferred.

**ANSWER**: Paragraph 8 of Plaintiffs' Complaint contains legal averments to which no response is required.

### Factual Background

9. L.B. was a sixth grader at IHM in late 2021.

**ANSWER**: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the of the allegations in Paragraph 9 of Plaintiffs' Complaint and therefore denies them.

10. Defendant Swartz was the principal of IHM in late 2021.

**ANSWER**: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the of the allegations in Paragraph 10 of Plaintiffs' Complaint and therefore denies them.

11. Defendant Farrell was the School Resource Officer ("SRO") at IHM in late 2021. Defendant Farrell is also a Marion County Deputy Sheriff.

**ANSWER**: Defendant admits that David Farrell was a special deputy as defined by Indiana Code § 36-8-10-10.6(a) and subject to written limitations and specific requirements. Defendant denies that Defendant Farrell was a Marion County Deputy Sheriff and/or employee of the MCSO. As to the remaining allegations in Paragraph 11 of Plaintiffs' Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the of the allegations in Paragraph 11 of Plaintiffs' Complaint and therefore denies them.

12. On November 17, 2021, during school, an IHM employee observed a picture of a gun in L.B.'s notebook.[2]

**ANSWER**: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the of the allegations in Paragraph 12 of Plaintiffs' Complaint and therefore denies them.

13. The drawing prompted Defendant Swartz to order IHM employees to search L.B.'s notebook, backpack, and Chrome book search history. The drawing also prompted Defendant Swartz to have L.B. evaluated by the school social worker, Kristen Burke.

**ANSWER**: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the of the allegations in Paragraph 13 of Plaintiffs' Complaint and therefore denies them.

---

[2] The picture is attached to the Complaint as Exhibit A.

14. Also on November 17, 2021, at the direction of Defendant Swartz, an IHM employee called Ms. Kappes (L.B.'s mother) and Dr. Belcher (L.B.'s father and Ms. Kappes' husband) and asked them to come to the school for a meeting. Both Ms. Kappes and Dr. Belcher went directly to the school.

> **ANSWER**: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the of the allegations in Paragraph 14 of Plaintiffs' Complaint and therefore denies them.

15. Defendant Swartz conducted a meeting at IHM with Ms. Kappes, Dr. Belcher, Defendant SRO Farrell, and Ms. Burke in which L.B.'s drawings were discussed. Ms. Burke stated that L.B. was sorry about the drawings and that L.B. was not a threat to anyone. At the conclusion of the meeting, Swartz promised the Belchers that L.B. would not be suspended and that "tomorrow is a new day."

> **ANSWER**: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the of the allegations in Paragraph 15 of Plaintiffs' Complaint and therefore denies them.

16. The next day the Belchers were informed via email from Defendant Swartz that L.B. would be searched every day before school. IHM promised that the searches would be done with at least 2 adults present.

> **ANSWER**: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the of the allegations in Paragraph 16 of Plaintiffs' Complaint and therefore denies them.

17. On December 10th, L.B. told Ms. Kappes that he was being searched alone by Defendant SRO Farrell. Ms. Kappes went to IHM with L.B. that morning and asked Defendant Swartz about the search procedures. Swartz said that it was fine that L.B. was being searched alone by SRO Farrell because there were cameras in the school.

> **ANSWER**: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the of the allegations in Paragraph 17 of Plaintiffs' Complaint and therefore denies them.

18. The same day, Defendant Swartz sent an email to Ms. Kappes and Dr. Belcher accusing Ms. Kappes of unacceptable and irrational behavior. The email also banned L.B. from attending school — a decision that would only be revisited by IHM if L.B. was evaluated by an outside mental health counselor.

> **ANSWER**: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the of the allegations in Paragraph 18 of Plaintiffs' Complaint and therefore denies them.

19. On December 13th, 2021, after an evaluation of L.B., an outside child psychiatrist provided a report to IHM that L.B. was safe to return to school and that he was not a threat. On the same day, L.B.'s psychologist submitted an independent report also finding that L.B. was safe to return to school and that he was not a threat.

> **ANSWER**: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the of the allegations in Paragraph 19 of Plaintiffs' Complaint and therefore denies them.

20. Defendant Swartz did not allow L.B. to return to school. Defendant SRO Farrell arrested him at his home the next day while Dr. Belcher was present.

> **ANSWER**: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the of the allegations in Paragraph 20 of Plaintiffs' Complaint and therefore denies them.

21. Dr. Belcher called Ms. Kappes and told her about the arrest as it was happening.

> **ANSWER**: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the of the allegations in Paragraph 21 of Plaintiffs' Complaint and therefore denies them.

22. Defendant SRO Farrell arrested L.B. without a warrant. A probable cause affidavit was not even filled out until the next day.

> **ANSWER**: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the of the allegations in Paragraph 22 of Plaintiffs' Complaint and therefore denies them.

23. Defendant SRO Farrell followed L.B. to his room so that L.B. could change clothes. L.B. was then walked to the Butler University police station where he was handcuffed and placed in a patrol car. L.B. remained there for over an hour while SRO Farrell called for the "paddy wagon."

> **ANSWER**: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the of the allegations in Paragraph 23 of Plaintiffs' Complaint and therefore denies them.

24. The "paddy wagon" eventually arrived, but the driver refused to transport a minor, so SRO Farrell took L.B. to the Marion County juvenile detention center where L.B. was processed, then released.

> **ANSWER**: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the of the allegations in Paragraph 24 of Plaintiffs' Complaint and therefore denies them.

25. From the time L.B. was arrested through his release from the juvenile detention center, Ms. Kappes and Dr. Belcher could not find L.B. On information and belief, L.B, was questioned by Defendant SRO Farrell during this time.

> **ANSWER**: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the of the allegations in Paragraph 25 of Plaintiffs' Complaint and therefore denies them.

26. L.B. was charged with 2 counts of Intimidation, a level 2 felony under Ind.. Code § 35-45-2-1(a)(2) and 35-45-2-1(b)(1)(A) based on the affidavit containing information sworn to by Defendant SRO Farrell.[3] L.B. would not have been charged but for the information provided by Farrell.

> **ANSWER**: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the of the allegations in Paragraph 26 of Plaintiffs' Complaint and therefore denies them.

---

[3] The Affidavit for Probable Cause is attached to the Answer as Exhibit B.

27. The affidavit contains false and misleading information that caused L.B. to be charged, including but not limited to the statement that L.B. "[drew] a picture of a rifle intended for his teacher Mrs. Ashley Mason."

> **ANSWER**: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the of the allegations in Paragraph 27 of Plaintiffs' Complaint and therefore denies them.

28. The charges against L.B. were dismissed on March 21, 2022.

> **ANSWER**: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the of the allegations in Paragraph 28 of Plaintiffs' Complaint and therefore denies them.

29. Defendants Swartz and SRO Farrell acted in concert to have L.B. arrested and charged with crimes that they both know he did not commit.

> **ANSWER**: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the of the allegations in Paragraph 29 of Plaintiffs' Complaint and therefore denies them.

30. On December 16, 2021, Defendant Swartz sent an email to all parents of students at IHM that intimated that L.B. threatened to shoot a teacher. In her email, Defendant Swartz says that the school safety procedures were followed, and that the actions described above were guided by the Office of Catholic Schools and The Archdiocese of Indianapolis.[4]

> **ANSWER**: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the of the allegations in Paragraph 30 of Plaintiffs' Complaint and therefore denies them.

31. Defendants Swartz and SRO Farrell are no longer employed at IHM.

> **ANSWER**: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the of the allegations in Paragraph 31 of Plaintiffs' Complaint and therefore denies them.

---

[4] The email is attached to the Complaint as Exhibit C.

32. At all times relevant to this complaint, however, Defendants Swartz and SRO Farrell were acting within the scope of their employment at IHM and under the guidance of the Office of Catholic Schools and The Archdiocese of Indianapolis.

**ANSWER**: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the of the allegations in Paragraph 32 of Plaintiffs' Complaint and therefore denies them.

### Count I

**(Malicious Prosecution of L.B. by all Defendants)**

33. Plaintiffs incorporate by reference all prior factual allegations as fully as if set forth herein.

**ANSWER**: Defendant incorporates by reference all prior responses as fully as if set forth herein.

34. Defendants caused to be started a criminal prosecution against Plaintiff L.B.

**ANSWER**: Defendant denies the allegations in Paragraph 34 of Plaintiffs' Complaint and more specifically denies that it violated any state or federal laws.

35. Defendants acted maliciously in doing so.

**ANSWER**: Defendant denies the allegations in Paragraph 35 of Plaintiffs' Complaint and more specifically denies that it violated any state or federal laws.

36. The criminal prosecution ended in Plaintiff L.B.'s favor.

**ANSWER**: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 36 of the Plaintiffs' Complaint and therefore denies them.

37. As a direct and proximate result of Defendants' conduct, Plaintiff L.B. was damaged.

**ANSWER**: Defendant denies the allegations in Paragraph 37 of Plaintiffs' Complaint and more specifically denies that it violated any state or federal laws.

## Count II
### (False Arrest of L.B. by Defendants SRO Farrell and Marion County Sheriff's Department)

38. Defendant SRO Farrell was a law enforcement officer.

**ANSWER**: Defendant admits that Defendant Farrell was a special deputy appointed with limited powers pursuant to Ind. Code § 36-8-10-10.6(a) and subject to written limitations and specific requirements but denies that Defendant Farrell was an employee of the MCSO.

39. Defendant SRO Farrell restrained L.B.'s freedom of movement or liberty without L.B.'s consent.

**ANSWER**: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 39 of the Plaintiffs' Complaint and therefore denies them.

40. Defendant SRO Farrell did not act pursuant to a warrant, judicial order, or statutory authority.

**ANSWER**: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 40 of the Plaintiffs' Complaint and therefore denies them.

41. Defendant SRO Farrell was acting as directed by Defendant Swartz, Defendant Immaculate Heart of Mary School, Defendant Office of Catholic Schools, and Defendant The Archdiocese of Indianapolis; but the power to arrest L.B. came from the authority granted to Farrell by the Marion County Sheriff's Department.

**ANSWER**: Defendant admits that Defendant Farrell was appointed as a special deputy pursuant to Ind. Code § 36-8-10-10.6(a) and subject to written limitations and specific requirements. Defendant denies that Defendant Farrell was an employee of MCSO and more specifically denies that it violated any state or federal laws; as to the remaining allegations contained within Paragraph 41 of Plaintiffs' Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 41 and therefore denies them.

42. As a direct and proximate result of Defendant SRO Farrell's actions, L.B. was damaged.

**ANSWER**: Defendant denies the allegations in Paragraph 42 of Plaintiff's Complaint, and more specifically denies that it violated any federal or state laws.

### Count III
### (Battery of L.B. by Defendants SRO Farrell and the Marion County Sheriff's Department)

43. Defendant SRO Farrell recklessly, knowingly, or intentionally touched L.B. in a rude, insolent, or angry manner.

**ANSWER**: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 43 of Plaintiffs' Complaint and therefore denies them.

44. L.B. did not authorize the touching.

**ANSWER**: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 44 of Plaintiff's Complaint and therefore denies them.

45. Defendant SRO Farrell was acting as directed by Defendant Swartz, Defendant Immaculate Heart of Mary School, Defendant Office of Catholic Schools, and Defendant The Archdiocese of Indianapolis; but the power to arrest L.B. came from the authority granted to Farrell by the Marion County Sheriff's Department.

**ANSWER**: Defendant admits that Defendant Farrell was appointed as a special deputy pursuant to Ind. Code § 36-8-10-10.6(a) and subject to written limitations and specific requirements but denies that Defendant Farrell was an MCSO employee. Defendant denies the remaining allegations in Paragraph 45 of Plaintiffs' Complaint and further denies it violated any state or federal laws.

## Count IV
### (Intentional Infliction of Emotional Distress
### against all Defendants by all Plaintiffs)

46. Plaintiffs incorporate by reference all prior factual allegations as fully as if set forth herein.

**ANSWER**: Defendant incorporates by reference all prior responses as fully as if set forth herein.

47. By their extreme and outrageous conduct, Defendants intentionally or recklessly caused severe emotional distress to Plaintiffs.

**ANSWER**: Defendant denies the allegations in Paragraph 47 of Plaintiffs' Complaint and more specifically denies that it violated any state or federal laws.

48. Defendant SRO Farrell entered the Belcher's home without a warrant or probable cause and took L.B. to a location unknown to L.B.'s parents. Farrell then held L.B. against L.B.'s will, even though no crime had been committed. And Farrell then swore out an untruthful affidavit in order to have L.B. charged with felonies that L.B. did not commit. Farrell's actions were intolerable in a civilized society, and he took those actions because he was instructed to do so by Defendants Swartz, Immaculate Heart of Mary School, Office of Catholic Schools, and The Archdiocese of Indianapolis.

**ANSWER**: Defendant denies the allegations in Paragraph 48 of Plaintiffs' Complaint and more specifically denies that it violated any state or federal laws.

## Count V
### (Negligent Infliction of Emotional Distress
### against all Defendants by L.B.)

49. Plaintiffs incorporate by reference all prior factual allegations as fully as if set forth herein.

**ANSWER**: Defendant incorporates by reference all prior responses as fully as if set forth herein.

50. Defendants were negligent.

**ANSWER**: Defendant denies the allegations in Paragraph 50 of Plaintiffs' Complaint and more specifically denies that it violated any state or federal laws.

51. Plaintiff L.B. was directly involved in an incident related to Defendants' negligence even if Plaintiff was not physically injured.

**ANSWER**: Defendant denies the allegations in Paragraph 51 of Plaintiffs' Complaint and more specifically denies that it violated any state or federal laws.

52. Plaintiff L.B. suffered serious emotional distress of the type that a reasonable person would expect to occur.

**ANSWER**: Defendant denies the allegations in Paragraph 52 of Plaintiffs' Complaint and more specifically denies that it violated any state or federal laws.

53. Defendants' negligence was a responsible cause of Plaintiff L.B.'s emotional distress.

**ANSWER**: Defendant denies the allegations in Paragraph 53 of Plaintiffs' Complaint and more specifically denies that it violated any state or federal laws.

### Count VI
**(Invasion of Privacy by Intrusion against Defendants SRO Farrell and the Marion County Sheriff's Department by all Plaintiffs)**

54. Plaintiffs incorporate by reference all prior factual allegations as fully as if set forth herein.

**ANSWER**: Defendant incorporates by reference all prior responses as fully as if set forth herein.

55. Defendant SRO Farrell intruded upon the Plaintiffs' physical space, their home.

**ANSWER**: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 55 of Plaintiffs' Complaint and therefore denies them.

56. Defendant SRO Farrell was acting as directed by Defendant Swartz, Defendant Immaculate Heart of Mary School, Defendant Office of Catholic Schools, and Defendant The

Archdiocese of Indianapolis; but the power to arrest L.B. came from the authority granted Farrell by the Marion County Sheriffs' Department.

> **ANSWER**: Defendant admits that Defendant Farrell was appointed as a special deputy pursuant to Ind. Code § 36-8-10-10.6(a) and subject to written limitations and specific requirements but denies that it violated any state or federal laws.

57. Plaintiffs did not consent to the intrusion.

> **ANSWER**: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 57 of Plaintiffs' Complaint and therefore denies them.

58. This intrusion would be offensive or objectionable to a reasonable person.

> **ANSWER**: Defendant denies the allegations in Paragraph 58 of Plaintiffs' Complaint and more specifically denies that violated any state or federal laws.

## Count VII
### (Violation of 42 U.S.C. § 1983 against Defendants SRO Farrell, Swartz, and IHM by L.B.}

59. Plaintiffs incorporate by reference all prior factual allegations as fully as if set forth herein.

> **ANSWER**: Defendant incorporates by reference all prior responses as fully as if set forth herein.

60. Defendants SRO Farrell, Swartz, and IHM conspired to violate L.B.'s 4th and 14th Amendment rights by pursuing the arrest and detention of L.B. even though Defendants knew no probable cause existed.

> **ANSWER**: Paragraph 60 of Plaintiffs' Complaint contains no allegations against Defendant; to the extent that Paragraph 60 of Plaintiffs' Complaint contains allegations against Defendant, Defendant denies the allegations and more specifically denies that it violated any state or federal laws.

61. Defendant SRO Farrell acted under the color of state law because his power to arrest and detain L.B. arose from his position as a Marion County Sheriff's Deputy. In addition, the State of Indiana (via grants) paid Farrell's salary for acting as the School Resource Officer at IHM.

> **ANSWER**: Defendant denies that Defendant Farrell was a Marion County Sheriff's Deputy and more specifically denies that it violated any state or federal laws.

62. Defendant Swartz acted as a co-conspirator with Defendant SRO Farrell. She willfully participated in the decision to arrest and detain L.B. without probable cause. Swartz directed and supervised the conduct of Farrell, and she was the official — the principal — at IHM with final policy-making authority.

> **ANSWER**: Paragraph 62 of Plaintiffs' Complaint contains no allegations against Defendant; to the extent that Paragraph 62 of Plaintiffs' Complaint contains allegations against Defendant, Defendant denies the allegations and more specifically denies that it violated any state or federal laws.

63. Defendant IHM acted as a co-conspirator with Defendant SRO Farrell. IHM willfully participated in the decision to arrest and detain L.B. without probable cause. IHM was SRO Farrell's employer, and the arrest was made during school hours. IHM employees performed the inspections, questioning, and review of all information that resulted in the unlawful arrest and detention of L.B.

> **ANSWER**: Paragraph 63 of Plaintiffs' Complaint contains no allegations against Defendant; to the extent that Paragraph 63 of Plaintiffs' Complaint contains allegations against Defendant, Defendant denies the allegations and more specifically denies that it violated any state or federal laws.

64. Defendants SRO Farrell, Swartz, and IHM, all knew that there was no probable cause for the arrest of L.B. The drawings that formed the basis for the false information in the probable cause affidavit were done a month before the decision to arrest L.B. was made. There were no facts supporting the elements of intimidation under Indiana law.

> **ANSWER**: Paragraph 64 of Plaintiffs' Complaint contains no allegations against Defendant; to the extent that Paragraph 64 of Plaintiffs' Complaint contains allegations

against Defendant, Defendant denies the allegations and more specifically denies that it violated any state or federal laws.

65. Defendants SRO Farrell, Swartz, and IHM first told L.B. and his parents that there would be no punishment for the drawings, then allowed L.B. to come to school so long as his backpack was searched, then denied L.B. access to in- person learning at the school, then arrested and detained L.B. without probable cause in violation of his 4th and 14th Amendment rights.

**ANSWER**: Paragraph 65 of Plaintiffs' Complaint contains no allegations against Defendant; to the extent that Paragraph 65 of Plaintiffs' Complaint contains allegations against Defendant, Defendant denies the allegations and more specifically denies that it violated any state or federal laws.

66. For each violation of 42 U.S.C. § 1983, Plaintiff L.B. seeks to recover the following:

a. Compensatory damages in an amount to be determined by a jury;

b. Punitive damages in an amount to be determined by a jury;

c. Reasonable attorney and expert fees pursuant to 42 U.S.C. § 1988; and

d. Any further relief that may be appropriate.

**ANSWER**: Defendant denies that Plaintiffs are entitled to any relief.

## **JURY DEMAND**

Pursuant to Rule 38 of the Indiana Rules of Trial Procedure, Plaintiffs, by counsel, respectfully requests a trial by jury on all issues deemed so triable.

**ANSWER**: Defendant also demands a trial by jury.

## AFFIRMATIVE AND OTHER DEFENSES

1. Plaintiffs' claims are barred, in whole or in part, to the extent they fail to state a claim upon which relief may be granted.

2. Plaintiffs' claims are barred by the doctrine(s) of waiver, estoppel, and/or unclean hands.

3. To the extent that Plaintiffs' claims arise in tort, those claims are barred to the extent that they have failed to fully comply with the notice and other requirements of the Indiana Tort Claims Act. IND. CODE § 34-13-3-1 *et seq.*

4. To the extent that Plaintiffs have failed to mitigate their damages, they are barred from recovery, or, in the alternative, their damages are reduced.

5. The Defendant is not liable for damages that were caused by third parties or non-parties.

6. The Defendant is entitled to any statutory and/or common law immunity applicable to Plaintiffs' claims under federal and state laws.

7. Plaintiffs have not suffered any damages to which they are entitled to relief.

8. The Defendant denies any paragraph of the Plaintiffs' Complaint not explicitly admitted, controverted, or denied above.

9. The Defendant reserves the right to raise any other defenses which may become available or apparent as this case proceeds.

WHEREFORE, Defendant, the Marion County Sheriff's Department prays that Plaintiffs take nothing by way of their Complaint and for all relief proper in the premises.

Respectfully submitted,

FROST BROWN TODD LLC

By: */s/Elise C. L. Bowling*
Anthony W. Overholt, #16481-49
Elise C. L. Bowling, #33933-45

*Attorney for Defendant, the Marion County Sheriff's Department*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 14th day of October, 2022, the foregoing document was filed electronically. I further certify that a copy of the foregoing was served via U.S. Mail, postage prepaid and via electronic mail to the following:

| | |
|---|---|
| James A. Piatt<br>Ronald J. Waicukauski<br>Williams & Piatt, LLC<br>1101 North Delaware Street<br>Indianapolis, IN 46202 | John S. (Jay) Mercer<br>Paul J. Carroll<br>Lewis S. Wooton<br>John D. Cross<br>Wooton Hoy, LLC<br>13 N. State Street, Suite 241<br>Greenfield, IN 46140 |

*/ s / Elise C. L. Bowling*

FROST BROWN TODD LLC
201 North Illinois Street, Suite 1900
P.O. Box 44961
Indianapolis, IN 46244-0961
317-237-3800
Fax: 317-237-3900
aoverholt@fbtlaw.com
ebowling@fbtlaw.com

LR10348.0975408   4884-4134-9684v5