UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DANIEL W. BELCHER, M.D., and | ) |
| JENNIFER L. KAPPES, individually and on | ) |
| behalf of their minor child, L.B. | ) |
| | ) |
|     Plaintiffs, | ) |
| | ) |
| v. | ) Cause No. 1:22-cv-01791-JPH-MG |
| | ) |
| DAVID FARRELL, MARION COUNTY | ) |
| SHERIFF'S DEPARTMENT, RONDA | ) |
| SWARTZ, IMMACULATE HEART OF | ) |
| MARY'S SCHOOL, OFFICE OF CATHOLIC | ) |
| SCHOOLS, and THE ARCHDIOCESE OF | ) |
| INDIANAPOLIS | ) |
| | ) |
|     Defendants. | ) |

## DEFENDANT DAVID FARRELL'S ANSWER TO PLAINTIFFS' COMPLAINT FOR DAMAGES AND JURY TRIAL DEMAND

Comes now the Defendant, David Farrell ("Farrell"), by counsel, and hereby responds to Plaintiffs' Complaint, stating as follows:

## Parties and Venue

1. Plaintiffs Daniel W. Belcher, M.D., and Jennifer L. Kappes are husband and wife and the parents of L.B. (Collectively, "the Belchers"), and are residents of Marion County, Indiana.

**ANSWER:** Defendant lacks knowledge or sufficient information to form a belief as to the truth of the allegations in Paragraph 1 and therefore denies same.

2. Defendant David Farrell is a resident of Hamilton County, Indiana. He is a Marion County Sheriff's Department deputy, and at all times relevant to this complaint was acting in the course and scope of his employment as a School Resource Officer at Immaculate Heart of Mary School. Pursuant to 42 U.S.C §

1

1983, Farrell was acting under the color of state law by virtue of his position with the Marion County Sheriff's Department, and because a portion of his salary at Immaculate Heart of Mary School was paid via a grant from the State of Indiana, or a political subdivision of the State.

**ANSWER:** Defendant admits he is a resident of Hamilton County, Indiana. Defendant admits that he was a School Resource Officer at Immaculate Heart of Mary School at the time of the alleged incident. Defendant denies he is a Marion County Sheriff's Department deputy. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 2 and therefore denies same.

3. Defendant Marion County Sheriff's Department is located in Marion County, Indiana.

**ANSWER:** Defendant admits the allegation contained in Paragraph 3.

4. Defendant Ronda Swartz is a resident of Marion County, Indiana. Pursuant to 42 U.S.C. § 1983, Swartz was a state actor by virtue of the close nexus between the State of Indiana and her challenged conduct in this case; and because of her participation in a conspiracy to violate L.B.'s civil rights.

**ANSWER:** Paragraph 4 contains no allegations concerning Defendant Farrell and Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 4 and therefore denies same.

5. Defendant Immaculate Heart of Mary School ("IHM") is located in Marion County, Indiana. Pursuant to 42 U.S.C. § 1983, IHM was a state actor by virtue of the close nexus between its challenged conduct in this case and the State of Indiana; and because of its participation in a conspiracy to violate L.B.'s civil rights.

2

**ANSWER:** Paragraph 5 contains no allegations concerning Defendant Farrell, however, Defendant admits the allegation contained in the first sentence of Paragraph 5. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 5 and therefore denies same.

6. Defendant Office of Catholic Schools is located in Marion County, Indiana. Pursuant to 42 U.S.C. § 1983, the Office of Catholic Schools was a state actor by virtue of the close nexus between its challenged conduct in this case and the State of Indiana; and because of its participation in a conspiracy to violate L.B.'s civil rights.

**ANSWER:** Paragraph 6 contains no allegations concerning Defendant Farrell. To the extent Paragraph 6 contains allegations against Defendant, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 6 and therefore denies same.

7. Defendant The Archdiocese of Indianapolis is located in Marion County, Indiana. Pursuant to 42 U.S.C. § 1983, The Archdiocese of Indianapolis was a state actor by virtue of the close nexus between its challenged conduct in this case and the State of Indiana; and because of its participation in a conspiracy to violate L.B.'s civil rights.

**ANSWER:** Paragraph 7 contains no allegations concerning Defendant Farrell. To the extent Paragraph 7 contains allegations against Defendant, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 7 and therefore denies same.

8. Pursuant to Rule 75(A)(l) of the Indiana Rules of Trial Procedure, venue in Marion County is preferred.

3

**ANSWER:** Defendant admits the averments of Paragraph 8.

# Factual Background

9. L.B. was a sixth grader at IHM in late 2021.

**ANSWER:** Defendant admits the averments of Paragraph 9.

10. Defendant Swartz was the principal of IHM in late 2021.

**ANSWER:** Defendant admits the averments of Paragraph 10.

11. Defendant Farrell was the School Resource Officer ("SRO") at IHM in late 2021.
    Defendant Farrell is also a Marion County Deputy Sheriff.

**ANSWER:** Defendant admits that he was a School Resource Officer at IHM in late 2021.
Defendant Farrell denies that he is a Marion County Deputy Sheriff.

12. On November 17, 2021, during school, an IHM employee observed a picture of a
    gun in L.B.'s notebook.

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief as to the
truth of the allegations in Paragraph 12 and therefore denies same.

13. The drawing prompted Defendant Swartz to order IHM employees to search
    L.B.'s notebook, backpack, and Chrome book search history. The drawing also
    prompted Defendant Swartz to have L.B. evaluated by the school social worker,
    Kristen Burke.

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief as to the
truth of the allegations in Paragraph 13 and therefore denies same.

14. Also on November 17, 2021, at the direction of Defendant Swartz, an IHM
    employee called Ms. Kappes (L.B.'s mother) and Dr. Belcher (L.B.'s father and
    Ms. Kappes' husband) and asked them to come to the school for a meeting. Both

Ms. Kappes and Dr. Belcher went directly to the school.

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14 and therefore denies same.

15. Defendant Swartz conducted a meeting at IHM with Ms. Kappes, Dr. Belcher, Defendant SRO Farrell, and Ms. Burke in which L.B.'s drawings were discussed. Ms. Burke stated that L.B. was sorry about the drawings and that L.B. was not a threat to anyone. At the conclusion of the meeting, Swartz promised the Belchers that L.B. would not be suspended and that "tomorrow is a new day."

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 15 and therefore denies same.

16. The next day the Belchers were informed via email from Defendant Swartz that L.B. would be searched every day before school. IHM promised that the searches would be done with at least 2 adults present.

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 16 and therefore denies same.

17. On December 10th, L.B. told Ms. Kappes that he was being searched alone by Defendant SRO Farrell. Ms. Kappes went to IHM with L.B. that morning and asked Defendant Swartz about the search procedures. Swartz said that it was fine that L.B. was being searched alone by SRO Farrell because there were cameras in the school.

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 17 and therefore denies same.

18. The same day, Defendant Swartz sent an email to Ms. Kappes and Dr. Belcher accusing Ms. Kappes of unacceptable and irrational behavior. The email also

banned L.B. from attending school - a decision that would only be revisited by IHM if L.B. was evaluated by an outside mental health counselor.

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 18 and therefore denies same.

19. On December 13th, 2021, after an evaluation of L.B., an outside child psychiatrist provided a report to IHM that L.B. was safe to return to school and that he was not a threat. On the same day, L.B.'s psychologist submitted an independent report also finding that L.B. was safe to return to school and that he was not a threat.

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19 and therefore denies same.

20. Defendant Swartz did not allow L.B. to return to school. Defendant SRO Farrell arrested him at his home the next day while Dr. Belcher was present.

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief as to the truth of the first statement in Paragraph 20. Defendant admits he arrested L.B. on or about December 13, 2021 or December 14, 2021.

21. Dr. Belcher called Ms. Kappes and told her about the arrest as it was happening.

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 21 and therefore denies same.

22. Defendant SRO Farrell arrested L.B. without a warrant. A probable cause affidavit was not even filled out until the next day.

**ANSWER:** Defendant admits L.B. was arrested without a warrant. L.B. was arrested based upon probable cause to believe L.B. committed or attempted to commit a felony. Defendant denies the remaining allegations or inferences contained in Paragraph 22.

23. Defendant SRO Farrell followed L.B. to his room so that L.B. could change clothes. L.B. was then walked to the Butler University police station where he was handcuffed and placed in a patrol car. L.B. remained there for over an hour while SRO Farrell called for the "paddy wagon."

**ANSWER:** Defendant admits to waiting on L.B. to change clothing. Defendant admits walking with L.B. to Butler University police station. Defendant denies the remaining allegations and inferences contained in Paragraph 23.

24. The "paddy wagon" eventually arrived, but the driver refused to transport a minor, so SRO Farrell took L.B. to the Marion County juvenile detention center where L.B. was processed, then released.

**ANSWER:** Defendant admits a "paddy wagon" arrived and did not transport L.B. Defendant denies transporting L.B. to the Marion County juvenile detention center. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations or inferences contained in Paragraph 24 and therefore denies same.

25. From the time L.B. was arrested through his release from the juvenile detention center, Ms. Kappes and Dr. Belcher could not find L.B. On information and belief, L.B. was questioned by Defendant SRO Farrell during this time.

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 25 and therefore denies same. Defendant denies the remaining allegations in Paragraph 25.

26. L.B. was charged with 2 counts of Intimidation, a level 2 felony under Ind. Code § 35-45-2-l(a)(2) and 35-45-2-l(b)(l)(A) based on the affidavit containing information sworn to by Defendant SRO Farrell. L.B. would not have been charged but for the information provided by Farrell.

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 26 and therefore denies same. Defendant denies the remaining allegations and inferences contained in Paragraph 26.

27. The affidavit contains false and misleading information that caused L.B. to be charged, including but not limited to the statement that L.B. "[drew] a picture of a rifle intended for his teacher Mrs. Ashley Mason."

**ANSWER:** Defendant denies the allegations and inferences in Paragraph 27.

28. The charges against L.B. were dismissed on March 21, 2022.

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 28 and therefore denies same.

29. Defendants Swartz and SRO Farrell acted in concert to have L.B. arrested and charged with crimes that they both know he did not commit.

**ANSWER:** Defendant denies the allegations and inferences contained in Paragraph 29.

30. On December 16, 2021, Defendant Swartz sent an email to all parents of students at IHM that intimated that L.B. threatened to shoot a teacher. In her email, Defendant Swartz says that the school safety procedures were followed, and that the actions described above were guided by the Office of Catholic Schools and The Archdiocese of Indianapolis.

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 30 and therefore denies same.

31. Defendants Swartz and SRO Farrell are no longer employed at IHM.

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 31concerning Defendant Swartz and therefore denies same. Defendant Farrell admits he is no longer employed at IHM.

32. At all times relevant to this complaint, however, Defendants Swartz and SRO Farrell were acting within the scope of their employment at IHM and under the guidance of the Office of Catholic Schools and The Archdiocese of Indianapolis.

**ANSWER:** Defendant Farrell admits that he was employed at IHM and he is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations and inferences contained in Paragraph 32 and therefore denies same.

## Count l

### (Malicious Prosecution of L.B. by all Defendants)

33. Plaintiffs incorporate by reference all prior factual allegations as fully as if set forth herein.

**ANSWER:** Defendant incorporates by reference all prior answers to all prior factual allegations contained in Paragraphs 1-32 as if set forth herein.

34. Defendants caused to be started a criminal prosecution against Plaintiff L.B.

**ANSWER:** Defendant denies the allegations and inferences contained in Paragraph 34.

35. Defendants acted maliciously in doing so.

**ANSWER:** Defendant denies the allegation and inferences in Paragraph 35.

36. The criminal prosecution ended in Plaintiff L.B.'s favor.

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 36 and therefore denies same.

37. As a direct and proximate result of Defendants' conduct, Plaintiff L.B. was damaged.

**ANSWER:** Defendant denies the allegations and inferences in Paragraph 37.

## Count II

**(False Arrest of L.B. by Defendants SRO Farrell and Marion County Sheriff's Department)**

38. Defendant SRO Farrell was a law enforcement officer.

**ANSWER:** Defendant admits that he was a special deputy appointed with law enforcement powers pursuant to Ind Code §36-8-10-10.6 and a school resource officer as set forth in Ind. Code §20-26-18.2-1.

39. Defendant SRO Farrell restrained L.B.'s freedom of movement or liberty without L.B.'s consent.

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations and inferences contained in Paragraph 39 and therefore denies same.

40. Defendant SRO Farrell did not act pursuant to a warrant, judicial order, or statutory authority.

**ANSWER:** Defendant denies the allegations and inferences contained in Paragraph 40.

41. Defendant SRO Farrell was acting as directed by Defendant Swartz, Defendant Immaculate Heart of Mary School, Defendant Office of Catholic Schools, and Defendant The Archdiocese of Indianapolis; but the power to arrest L.B. came from the authority granted to Farrell by the Marion County Sheriff's Department.

**ANSWER:** Defendant Farrell acted in accordance with his terms of employment and statutory authority. Defendant lacks knowledge or sufficient information to form a belief as to the truth of any other allegations or inferences contained in Paragraph 41 and therefore denies same.

42. As a direct and proximate result of Defendant SRO Farrell's actions, L.B. was damaged.

**ANSWER:** Defendant denies the allegations and inferences contained in Paragraph 42.

## Count III

### (Battery of L.B. by Defendants SRO Farrell and the Marion County Sheriffs Department)

43. Defendant SRO Farrell recklessly, knowingly, or intentionally touched L.B. in a rude, insolent, or angry manner.

**ANSWER:** Defendant denies the allegations and inferences contained in Paragraph 43.

44. L.B. did not authorize the touching.

**ANSWER:** Defendant denies the allegation and inference contained in paragraph 44.

45. Defendant SRO Farrell was acting as directed by Defendant Swartz, Defendant Immaculate Heart of Mary School, Defendant Office of Catholic Schools, and Defendant The Archdiocese of Indianapolis; but the power to arrest L.B. came from the authority granted to Farrell by the Marion County Sheriffs Department.

**ANSWER:** Defendant Farrell acted in accordance with his terms of employment as a school resource officer and in accordance with statutory authority of a special deputy and school resource officer. Defendant denies any other allegations or inferences contained in Paragraph 45.

## Count IV

### (Intentional Infliction of Emotional Distress against all Defendants by all Plaintiffs)

46. Plaintiffs incorporate by reference all prior factual allegations as fully as if set forth herein.

**ANSWER:** Defendant incorporates by reference all prior answers to all prior factual allegations and inferences contained in Paragraphs 1-45 as fully as if set forth herein.

47. By their extreme and outrageous conduct, Defendants intentionally or recklessly caused severe emotional distress to Plaintiffs.

**ANSWER:** Defendant denies the allegations and inferences contained in Paragraph 47.

48. Defendant SRO Farrell entered the Belcher's home without a warrant or probable cause and took L.B. to a location unknown to L.B.'s parents. Farrell then held L.B. against L.B.'s will, even though no crime had been committed. And Farrell then swore out an untruthful affidavit in order to have L.B. charged with felonies that L.B. did not commit. Farrell's actions were intolerable in a civilized society, and he took those actions because he was instructed to do so by Defendants Swartz, Immaculate Heart of Mary School, Office of Catholic Schools, and The Archdiocese of Indianapolis.

**ANSWER:** Defendant denies the allegations and inferences contained in Paragraph 48.

## **Count V**

### **(Negligent Infliction of Emotional Distress against all Defendants by L.B.)**

49. Plaintiffs incorporate by reference all prior factual allegations as fully as if set forth herein.

**ANSWER:** Defendant incorporates by reference all prior answers to all prior factual allegations and inferences contained in Paragraphs 1-48 as fully as if set forth herein.

50. Defendants were negligent.

**ANSWER:** Defendant denies the allegations and inferences contained in Paragraph 50.

51. Plaintiff L.B. was directly involved in an incident related to Defendants' negligence even if Plaintiff was not physically injured.

12

**ANSWER:** Defendant denies the allegations and inferences contained in Paragraph 51.

52. Plaintiff L.B. suffered serious emotional distress of the type that a reasonable person would expect to occur.

**ANSWER:** Defendant denies the allegations and inferences contained in Paragraph 52.

53. Defendants' negligence was a responsible cause of Plaintiff L.B.'s emotional distress.

**ANSWER:** Defendant denies the allegations and inferences in Paragraph 53.

## Count VI

### (Invasion of Privacy by Intrusion against Defendants SRO Farrell and the Marion County Sheriff's Department by all Plaintiffs)

54. Plaintiffs incorporate by reference all prior factual allegations as fully as if set forth herein.

**ANSWER:** Defendant incorporates by reference all prior answers to all prior factual allegations and inferences contained in Paragraphs 1-53 as fully as if set forth herein.

55. Defendant SRO Farrell intruded upon the Plaintiffs' physical space, their home.

**ANSWER:** Defendant denies the allegations and inferences contained in Paragraph 55.

56. Defendant SRO Farrell was acting as directed by Defendant Swartz, Defendant Immaculate Heart of Mary School, Defendant Office of Catholic Schools, and Defendant The Archdiocese of Indianapolis; but the power to arrest L.B. came from the authority granted Farrell by the Marion County Sheriff's Department.

**ANSWER:** Defendant Farrell acted in accordance with his terms of employment as a school resource officer and in accordance with the statutory authority of a special deputy and school

13

resource officer. Defendant denies any other remaining allegations or inferences contained in Paragraph 56.

57. Plaintiffs did not consent to the intrusion.

**ANSWER:** Defendant denies the allegations and inferences contained in Paragraph 57.

58. This intrusion would be offensive or objectionable to a reasonable person.

**ANSWER:** Defendant denies the allegations and inferences contained in Paragraph 58.

## Count VII

**(Violation of 42 U.S.C. § 1983 against Defendants SRO Farrell, Swartz, and IHM by L.B.)**

59. Plaintiffs incorporate by reference all prior factual allegations as fully as if set forth herein.

**ANSWER:** Defendant incorporates by reference all prior answers to all prior factual allegations and inferences contained in Paragraph 1-58 as fully as if set forth herein.

60. Defendants SRO Farrell, Swartz, and IHM conspired to violate L.B.'s 4th and 14th Amendment rights by pursuing the arrest and detention of L.B. even though Defendants knew no probable cause existed.

**ANSWER:** Defendant denies the allegations and inferences contained in Paragraph 60.

61. Defendant SRO Farrell acted under the color of state law because his power to arrest and detain L.B. arose from his position as a Marion County Sheriff's Deputy. In addition, the State of Indiana (via grants) paid Farrell's salary for acting as the School Resource Officer at IHM.

**ANSWER:** Defendant Farrell acted in accordance with the terms of his employment and his statutory authority as a special deputy and school resource officer. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations and inferences contained in paragraph 61 and therefore denies same.

62. Defendant Swartz acted as a co-conspirator with Defendant SRO Farrell. She willfully participated in the decision to arrest and detain L.B. without probable cause. Swartz directed and supervised the conduct of Farrell, and she was the official - the principal - at IHM with final policy-making authority.

**ANSWER:** Defendant Farrell denies he conspired to arrest and detain L.B without probable cause. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations and inferences in Paragraph 62 and therefore denies same.

63. Defendant IHM acted as a co-conspirator with Defendant SRO Farrell. IHM willfully participated in the decision to arrest and detain L.B. without probable cause. IHM was SRO Farrell's employer, and the arrest was made during school hours. IHM employees performed the inspections, questioning, and review of all information that resulted in the unlawful arrest and detention of L.B.

**ANSWER:** Defendant admits that IHM was his employer and that the arrest of L.B. was made during school hours. Defendant Farrell denies he conspired to arrest and detain L.B. without probable cause. Defendant denies there was any unlawful arrest or detention of L.B. Defendant lacks knowledge or information sufficient to form a belief as to the truth of any remaining allegations or inferences contained in Paragraph 63 and therefore denies same.

64. Defendants SRO Farrell, Swartz, and IHM, all knew that there was no probable cause for the arrest of L.B. The drawings that formed the basis for the false information in the probable cause affidavit were done a month before the decision to arrest L.B. was made. There were no facts supporting the elements of intimidation under Indiana law.

**ANSWER:** Defendant denies the allegations and inferences contained in Paragraph 64.

65. Defendants SRO Farrell, Swartz, and IHM first told L.B. and his parents that there would be no punishment for the drawings, then allowed L.B. to come to school so long as his backpack was searched, then denied L.B. access to in-person learning at the school, then arrested and detained L.B. without probable cause in violation of his 4th and 14th Amendment rights.

**ANSWER:** Defendant denies L.B. was arrested and detained without probable cause in violation of his 4th and 14th Amendment rights. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations and inferences in Paragraph 65 and therefore denies same.

66. For each violation of 42 U.S.C. § 1983, Plaintiff L.B. seeks to recover the following:

   a. Compensatory damages in an amount to be determined by a jury;

   b. Punitive damages in an amount to be determined by a jury;

   c. Reasonable attorney and expert fees pursuant to 42 U.S.C. § 1988; and

   d. Any further relief that may be appropriate.

**ANSWER:** Defendant denies that Plaintiffs are entitled to any relief.

## JURY DEMAND

Pursuant to Rule 38 of the Indiana Rules of Trial Procedure, Defendant David Farrell, by counsel, respectfully requests a trial by jury on all issues deemed so triable.

**ANSWER:** Defendant also demands a trial by jury.

## AFFIRMATIVE DEFENSES

Defendant David Farrell, by counsel, asserts the following affirmative defenses:

1. Defendant denies the allegations in Plaintiffs' Complaint that are not specifically admitted.

2.  Plaintiffs' Complaint, in whole or in part, fails to state a claim upon which relief can be granted.

3.  The Defendant is entitled to any statutory and/or common law immunity applicable to the Plaintiffs' claims under federal and state law, including qualified immunity and law enforcement immunity.

4.  To the extent that Plaintiffs have received or do receive payments for the alleged injuries and damages, any such payments constitute satisfaction and must be set-off against any recoveries made in this litigation.

5.  Plaintiffs' claims under *Monell*, if any, are barred to the extent they have failed to properly state a claim.

6.  Defendant is not liable for damages that were caused by third parties or non-parties.

7.  Defendant's alleged acts or failures to act were not the cause or proximate cause of Plaintiffs' alleged damages.

8.  Defendant acted in good faith at all times and had reasonable grounds for believing his actions did not violate any applicable laws.

9.  To the extent that Plaintiff's claims are barred by the statute of limitations, doctrine of laches, waiver, estoppel, justification, fraud, and/or Plaintiffs' own actions, inactions, or omissions, such doctrines are pled as defenses to Plaintiffs' action.

10. Defendant reserves the right to assert additional affirmative defenses as discovery continues.

WHEREFORE, Defendant David Farrell prays that the Plaintiffs take nothing by way of their Complaint and for all relief proper in the premises.

By: S/ M. Elizabeth Bemis
M. Elizabeth Bemis, #16358-61

17

By: S/ Andrew R. Duncan
Andrew R. Duncan, #26349-49

## CERTIFICATE OF SERVICE

I hereby certify that on November 3, 2022, a copy of the foregoing Appearance was filed electronically.  Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

All counsel of record

By: S/ M. Elizabeth Bemis
M. Elizabeth Bemis, #16358-61

By: S/ Andrew R. Duncan
Andrew R. Duncan, #26349-49

M. Elizabeth Bemis, #16358-61
Andrew R. Duncan, #26349-49
RUCKELSHAUS, KAUTZMAN, BLACKWELL,
BEMIS, DUNCAN & MERCHANT, LLP
135 N. Pennsylvania Street, Suite #1600
Indianapolis, IN 46204
Telephone:  (317) 634-4356
Fax:  (317) 634-8635
meb@RKBlegalgroup.com
ard@RKBlegalgroup.com