UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

DANIEL W. BELCHER, M.D., and JENNIFER L. KAPPES, individually and on behalf of their minor child, L.B.,

Plaintiff,

v.

DAVID FARRELL, MARION COUNTY SHERIFF'S DEPARTMENT, RONDA SWARTZ, IMMACULATE HEART OF MARY SCHOOL, and THE ARCHDIOCESE OF INDIANAPOLIS,

Defendants.

Case No. 1:22-cv-01791-JPH-MG

# Brief in Support of Amended Agreed Motion to Maintain Documents Under Seal

Plaintiffs filed an Agreed Motion for Court Approval of Settlement Involving Minor's Claim [Dkt. 50] with Exhibit 1 (Representation Agreement) [Dkt. 50-1] and a Proposed Order [Dkt. 50-2] on July 14, 2023. These filings were submitted under seal.

Pursuant to this Court's July 28, 2023 Order, Plaintiffs now submit an Amended Agreed Motion for Court Approval of Settlement, an Amended Motion to Maintain Documents Under Seal, this Brief, and a proposed Order Granting Amended Motion to Maintain Documents Under Seal. The specific documents that Plaintiffs contend should remain under seal are:

- Agreed Motion for Court Approval of Settlement Involving Minor's Claim [Dkt. 50];
- Exhibit 1 - Authority to Represent [Dkt. 50-1];

- [Proposed] Order Granting Agreed Motion for Court Approval of Settlement Involving Minor's Claim [Dkt. 50-2];
- Amended Agreed Motion for Court Approval of Settlement Involving Minor's Claim [Dkt. 53];
- Exhibit 1 – Settlement Agreement [Dkt. 53-1];
- Exhibit 2 – Representation Agreement [Dkt. 53-2];
- Exhibit 3- Affidavit of James Piatt [Dkt. 53-3]; and
- Exhibit 4 – Affidavit of Daniel W. Belcher, M.D. [Dkt. 53-4].

There is good cause for these filings to remain under seal for the following reasons.

**(A) Less restrictive alternatives to sealing, such as redaction, will not afford adequate protection.**

At least one other Court in the 7th Circuit held all filings in connection with the approval of a minor's settlement should be filed and maintained under seal. *See Grinties v. Dole Foods*, E.D. Wisc., 2007 U.S. Dist. LEXIS 99092*, Dec. 5, 2007. And counsel was unable to find a case in the 7th Circuit where filings in connection with the approval of a minor's settlement were unsealed. The parties here are not adequately protected by redaction because other parties to a minor's settlement in the 7th Circuit received the benefit of maintaining all filings under seal.

This Court previously allowed a confidential settlement agreement to be filed under seal when the contents of the settlement agreement are not relevant to the disposition of any issue in the case. *See generally*, *Travelers Prop. Cas. Co. of Am. v. W. Bend Mut. Ins. Co.*, 2020 U.S. Dist. LEXIS 66993, S.D. Ind., April 15, 2020. None

of the under-seal filings in this case are relevant to the disposition of any issue in the case – the case has settled.

Ind. Code 29-3-9-7 may also be applicable in this case. The Complaint alleges state law claims as well as civil rights claims under federal law. The Indiana statute requires court approval for the settlement of a minor's claim, and the filings related to that settlement must be maintained as "a confidential court record." Ind. Code 29-3-9-7(b) and (c). Confidentiality, not redaction of certain portions of the filings, is the requirement under Indiana law for filings related to the settlement of a minor's claim.

**(B) The documents satisfy applicable authority to maintain them under seal.**

*Grinties v. Dole Foods*, E.D. Wisc., 2007 U.S. Dist. LEXIS 99092*, Dec. 5, 2007, gives this Court license to maintain under seal all filings related to a minor's settlement. It is not clear in this case, however, whether Court approval of the settlement is actually necessary, which also militates towards maintaining these filings under seal. In the normal course, the settlement would remain confidential between the parties and a simple notice of dismissal would be filed with the court. Sealed filings would not be necessary to maintain confidentiality, but this settlement may require court approval because it involves a minor. "As for the settlement, while parties do not need the court's approval to settle cases in federal court, they sometimes ask for the court's approval of a minor settlement so that everyone can have confidence the settlement protects the interests of the minors involved…" *Grinties*, 2007 U.S. Dist. LEXIS 99092*.

The reason Plaintiffs' chose to seek Court approval of this settlement is two-fold: (1) There is federal case law that seems to suggest – even in the absence of a local rule[1] – a settlement involving a minor should be submitted to the court for approval due to the "special duty to safeguard the interests of minor plaintiffs…". *Robidoux v. Rosengren*, 638 F.3d 1177, 1179 (9th Cir. 2011). And (2) In this case, although the gravamen of the Complaint was alleged violations of Plaintiffs' civil rights under the Fourth and Fourteenth Amendments, the Complaint also contained state law claims that could be covered by Ind. Code 29-3-9-7(a) and (b), the settlement of which requires court approval. Subsection (c) requires that the court keep those settlement filings "confidential." Because this statute is applicable to at least some of the claims in the Complaint, maintaining these filings under seal is necessary to keep them "confidential."

**(C) The filings submitted under seal are not relevant or material to resolution of this matter.**

Unlike in *Travelers*, there are no possible remaining issues for the Court to decide here. In *Travelers*, Magistrate Judge Baker ruled that a settlement agreement filed under seal as part of a motion for summary judgement could remain under seal unless the Court decided that the content of the settlement agreement was necessary for addressing the motion. *Travelers Prop. Cas. Co. of Am. V. W. Bend Mut. Ins. Co.,* S.D. Ind, 2020 U.S. Dist. 66993*, April 15, 2020. There are no remaining issues to be ruled upon by this Court in this case – it has settled. And, of note in

[1] The Southern District of Indiana does not have a local rule requiring court approval of a minor's settlement like the local rule found in the Northern District of Illinois, and cited in Goesel v. Boley Int'l (H.K.) Ltd, 806 F.3d 414, 418 (7th Cir. 2015).

*Travelers*, Judge Baker allowed the settlement agreement to remain under seal until such time as he determined it was "integral in addressing the motion for summary judgment." *Id.* at *5. The filings in this case were submitted under seal for the purpose of seeking Court approval of the settlement (and protecting the privacy of a minor). There is no specter that these filings may become relevant or material to resolution of this matter.

Pursuant to S.D. Ind. L.R. 5-11(d)(2)(A)(e)(3) and (4), counsel for all Defendants agree that the [Amended] Agreed Motion for Court Approval of Settlement Involving Minor's Claim and related filings should remain under seal. A proposed order granting the Amended Agreed Motion to Maintain Documents Under Seal is attached to this Brief.

Plaintiffs, with the agreement of Defendants, respectfully request that this Court approve the settlement and maintain the filings regarding this minor's settlement under seal.

Respectfully submitted,

WILLIAMS & PIATT, LLC

/s/ *James A. Piatt*

James A. Piatt (#28320-49)
Ronald J. Waicukauski (#1089-53)
1101 North Delaware Street
Indianapolis, IN 46202
(317) 633-5270 / Fax: (317) 426-3348
james@williamspiatt.com
ron@williamspiatt.com
*Counsel for Plaintiffs*

## Certificate of Service

I hereby certify that on the 3rd day of August, 2023, a copy of the foregoing was filed electronically. Service of this filing will be made on all ECF-registered counsel by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ *James A. Piatt*
James A. Piatt